IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RACQUEL LEWIS,                              :
                                           :
              Plaintiff,                   :
                                           :
      v.                                   :        Civ. No. 23-1275-RGA
                                           :
U.S. DEPARTMENT OF JUSTICE,                :
                                           :
              Defendant.                   :

## ORDER

AND NOW, this 21st day of December, 2023, the Court having considered

Plaintiff's motion to remove and seal claims (D.I. 7), construed as a motion to voluntarily

dismiss pursuant to Fed. R. Civ. P. 41;

      IT IS HEREBY ORDERED that:

      1.      To the extent the motion seeks to voluntarily dismiss the case, the motion

(D.I. 7) is **GRANTED** and the Clerk of Court is directed to mark the case **CLOSED**.

      2.      Plaintiff's pending motion to seal (D.I. 1) and her request to seal in the

present motion (D.I. 7) are **DENIED**.[1]

                                           _____
                                           UNITED STATES DISTRICT JUDGE

---

[1] There is a "strong presumption of openness [which] does not permit the routine closing of judicial records to the public." *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal citation omitted). Plaintiff has not met the "heavy burden" of showing that "disclosure will work a clearly defined and serious injury" to her, *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984), or that closure is "essential to preserve higher values and is narrowly tailored to serve that interest," *Globe Newspaper Co. v. Superior Court for Norfolk Cnty.*, 457 U.S. 596, 606 (1982).